# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, N.W.<br>Suite 700<br>Washington, D.C. 20036<br><br>and<br><br>RICHARD MCLEOD<br>McLeod & Associates<br>Level 11<br>Southern Cross Building<br>59-67 High Street<br>Auckland Central<br>Auckland, New Zealand<br><br>and<br><br>NICKY HAGER<br>73 Grafton Road<br>Roseneath<br>Wellington 6011, New Zealand<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>Washington, D.C. 20505<br><br>and<br><br>DEPARTMENT OF STATE<br>Office of the Legal Adviser<br>600 19th Street, NW<br>Washington, D.C. 20522<br><br>and<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001 | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*    Civil Action No. 19-463<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

  and                *
                     *
DEPARTMENT OF DEFENSE      *
1000 Defense Pentagon        *
Washington, D.C. 20301-1000     *
                     *
  Defendants.           *
                     *
\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, seeking the production of agency records requested by the plaintiffs The James Madison Project, Richard McLeod and Nicky Hager from the defendants Central Intelligence Agency, Department of State, Department of Justice (and its component entity) and Department of Defense (and its component entities).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4. Plaintiffs Richard McLeod ("McLeod") is an attorney at a law firm in New Zealand that represents certain Afghan nationals impacted by U.S. military operations in Afghanistan.

2

5. Plaintiff Nicky Hager ("Hager") is an investigative journalist, and is a representative of the news media.

6. Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

7. Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

8. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Federal Bureau of Investigation ("FBI").

9. Defendant Department of Defense ("DoD") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DoD controls – and consequently serves as the proper party defendant for litigation purposes for – the Defense Intelligence Agency ("DIA") and U.S. Central Command ("CENTCOM").

**FACTUAL BACKGROUND**

10. This lawsuit is brought under the Freedom of Information Act ("FOIA"). It seeks production of certain non-exempt U.S. Government records, namely the investigative report into a U.S. military operation conducted on or about August 22, 2010, in Baghlan

Province, Afghanistan (hereinafter referred to as "Operation Burnham").

11. In a press release dated August 23, 2010, and issued by the International Security Assistant Force ("ISAF") in Afghanistan, details were publicly provided about Operation Burnham, namely that it consisted of combined operations in Baghlan Province and conducted by Afghan and Coalition forces, including the U.S. military. According to the ISAF press release, two Taliban commanders were the target of the operation and ISAF forces engaged with insurgent forces in the area. The ISAF press release stated that no civilians were injured or killed during Operation Burnham.

12. In a subsequent press release dated August 29, 2010, ISAF announced that a joint assessment team would conduct a full review of Operation Burnham in light of reports about civilian casualties.

13. To date, the details of the joint assessment team's investigation, including any findings, have never been made public. The purpose of this FOIA litigation is to provide transparency and accountability with respect to what transpired during Operation Burnham, including any recommendations that were subsequently made to prevent further tragic losses of civilian life.

## COUNT ONE (CIA)

14. The plaintiffs, JMP, McLeod and Hager (hereinafter referred to collectively as "the Requesters"), repeat and reallege paragraphs 10 through 13 above, inclusive.

15. By letter dated December 5, 2018, the Requesters submitted to CIA a FOIA request.

16. The FOIA request specifically sought copies of records, including cross-references, memorializing the entirety of the investigation into Operation Burnham, including any findings or policy recommendations made and/or disciplinary actions taken in light of the investigation's findings.

17. By letter dated December 18, 2018, the CIA acknowledged receipt of the request and assigned it Request No. F-2019-00616. In its letter, the CIA stated that it would not process the request but rather stated that the request would be more appropriately submitted to the DoD.

18. By letter dated December 31, 2018, the Requesters filed an administrative appeal challenging the CIA's refusal to process the FOIA request.

19. To date, no substantive response has been received by the Requesters from CIA regarding the administrative appeal. The Requesters have constructively exhausted all required administrative remedies.

## COUNT TWO (STATE)

20. The Requesters repeat and reallege paragraphs 10 through 13 above, inclusive.

21. By letter dated December 5, 2018, the Requesters submitted to State a FOIA request.

22. The Requesters repeat and reallege paragraph 16.

23. To date, no substantive response has been received by the Requesters from State. The Requesters have constructively exhausted all required administrative remedies.

## COUNT THREE (FBI)

24. The Requesters repeat and reallege paragraphs 10 through 13 above, inclusive.

25. By letter dated December 5, 2018, the Requesters submitted to FBI a FOIA request.

26. The Requesters repeat and reallege paragraph 16.

27. By letter dated December 11, 2018, the FBI acknowledged receipt of the request and assigned it Request No. 1423806-000. The FBI stated that no responsive records had been located.

28. On December 26, 2018, the Requesters administratively appealed the adequacy of the FBI's searches.

29. To date, no substantive response has been received by the Requesters from the FBI regarding the administrative appeal. The Requesters have constructively exhausted all required administrative remedies.

## COUNT FOUR (DIA)

30. The Requesters repeat and reallege paragraphs 10 through 13 above, inclusive.

31. By letter dated December 5, 2018, the Requesters submitted to DIA a FOIA request.

32. The Requesters repeat and reallege paragraph 16.

33. By letter dated December 20, 2018, DIA acknowledged receipt of the request and assigned it Request No. FOIA-0087-2019.

35. To date, no substantive response has been received by the Requesters from DIA. The Requesters have constructively exhausted all required administrative remedies.

## COUNT FIVE (CENTCOM)

36. The Requesters repeat and reallege paragraphs 10 through 13 above, inclusive.

37. By letter dated December 5, 2018, the Requesters submitted to CENTCOM a FOIA request.

38. The Requesters repeat and reallege paragraph 16.

39. By letter dated December 12, 2018, CENTCOM acknowledged receipt of the request and assigned it Request No. 966.

40. To date, no substantive response has been received by the Requesters from CENTCOM. The Requesters have constructively exhausted all required administrative remedies.

WHEREFORE, plaintiffs The James Madison Project, Richard McLeod and Nicky Hager pray that this Court:

(1) Order the defendant federal agencies to process and release to the plaintiffs all non-exempt copies of responsive records;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   February 25, 2019

                              Respectfully submitted,

                                  /s/
                            _____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs